CAMPBELL *et ux.* v. PERRY.

*(Supreme Court, General Term, Third Department.* February 24, 1890.)

ACTIONS BY MARRIED WOMEN—PARTIES.

Under Code Civil Proc. N. Y. § 450, which provides that married women may sue and be sued as if single, a husband is not a necessary or proper party plaintiff in an action for personal injuries sustained by his wife, though Laws N. Y. 1860, c. 90, § 7, as amended by Laws N. Y. 1862, c. 172, giving married women the right to sue for personal injuries as if single, was repealed by Laws N. Y. 1880, c. 245, § 1, subds. 36, 38. Following *Bennett* v. *Bennett*, 23 N. E. Rep. 17.

Appeal from special term, Albany county.

Action by John Campbell and wife for personal damages sustained by the wife through the negligence of defendant. The defendant demurred for misjoinder of plaintiffs. The court sustained the demurrer, with leave to plaintiff Sarah Campbell to serve a new or amended complaint. She re-fused to avail herself of this privilege, and thereupon final judgment was given on the demurrer in favor of defendant for costs. The opinion de-livered at special term is as follows:

"MAYHAM, J. The plaintiffs, who are husband and wife, bring this action to recover for an alleged personal injury to the wife, occasioned by the alleged negligence of the defendant in failing to keep in repair a tenement-house owned by him, and occupied by the plaintiffs, by reason of which neg-lect the plaintiff Sarah Campbell fell and was injured. The complaint states no fact showing injury to the person of the plaintiff John Campbell; nor is there any allegation of consequential damage to him by reason of the injury to his wife. The defendant demurs to the complaint for misjoinder of par-ties, and as not stating facts sufficient to constitute a cause of action, and also that the cause of action in favor of the plaintiff Sarah is improperly joined with the cause of action in favor of John. There is no pretense in the complaint, nor was it contended on the argument, that the action was prosecuted for injury, either direct or consequential, to John. But it was

contended on the part of the plaintiffs that he was a necessary party in an action prosecuted by his wife for a personal injury to her. At common law the rule was universal that in action for tort committed by or against a married woman the husband must be joined with the wife; and that rule must still be adhered to, unless, by statute, it has been abrogated or changed. The rule upon this subject is succinctly stated in *Fitzgerald* v. *Quann*, 33 Hun, 653, as follows: 'In all actions for debts owing to and by the wife *dum sola*, and for torts committed by and against her before and during coverture, brought while the marriage relation continued, the husband and wife had to be joined as plaintiffs and defendants. And in all those cases, if the husband died before judgment, leaving the wife, the action survived to her; but if she died, leaving him surviving, they abated, (except that he might, as administrator, continue actions so brought by him and wife to recover such debts.)' But this rule was changed by statute; and as an incident of the right to acquire, hold, own, and dispose of property the same as a single woman, given by the act of 1848, the right to sue and be sued in all matters relating to their separate property, and to sue for injuries to their persons or characters, the same as if they were single, was given by the amendment of section 114 of the Code of Procedure in 1849; but, except as the statute removed the disability, the common law still remained. By chapter 90 of Laws of 1860, as amended by chapter 172 of Laws of 1862, it was provided that 'any married woman may bring and maintain an action in her own name, for damages, against any person or body corporate for any injury to her person or character, the same as if she were sole; and the money received upon the settlement of any such action, or recovered upon a judgment, shall be her sole and separate property.' Under this provision it was held in *Ball* v. *Bullard*, 52 Barb. 141, that a married woman may bring an action in her own name against a wrong-doer, for a wrong committed upon her person, without joining her husband with her as a party. One of the reasons given for this change was that at common law, although the damage for personal injury to the wife was hers, and, if the husband died, it survived to her, still, if a recovery was had in the life-time of the husband, the property rights in it vested in the husband, under the law governing the marriage relation. When, therefore, this property right was by law vested solely in the wife as her sole and separate property, and the husband's interest was cut off by positive statute, there seemed no longer to exist any necessity or propriety in joining the husband with her in an action to recover such property rights.

"It seems, as to the right to recover for such injury to the wife, she, under the statutes of 1848 and 1862, assumed a separate and independent identity; and the common-law fiction that her identity was merged in that of her husband, as to this kind of action, and the fruits of the same, ceased to exist, and she became the sole person interested in the cause of action and the recovery. 52 Barb. 144, *supra*. But, by subdivision 38 of section 1 of chapter 245 of Laws of 1880, sections 3 and 7 of chapter 172 of the Laws of 1862 are repealed; and as the decision of *Ball* v. *Bullard*, *supra*, stands upon those sections, it ceased with that appeal to be an authority upon this subject, except as the reasoning of the court in that case may throw some light upon the meaning of the phrase 'separate property,' as used in the married woman's act. This case must therefore depend upon the construction to be given to section 450 of the Code of Civil Procedure. That section provides as follows: 'In an action or special proceeding, a married woman appears, prosecutes, or defends alone, or joined with other parties, as if she was single.' It is not necessary or proper to join her husband with her as a party in any action or special proceeding affecting her separate property. Before the repeal of the acts of 1860 and 1862, and before the enactment of the above provisions of the Code of Procedure, there seemed to be a distinction between actions in which

a married woman prosecuted and actions for tort in which she was defendant. In all cases she might sue alone, as well in actions for injuries to her person or character as in actions relating to her sole and separate property; but, in actions for tort brought against her, her husband was required to be joined with her.   This distinction grew out of the language of section 7 of the act of 1860, as amended by chapter 172 of the Laws of 1862.   That section, as amended, provided that 'any married woman may, while married, sue and be sued in all matters having relation to her sole and separate property;  *  *  * and any married woman may bring and maintain an action in her own name for damages against any person or body corporate, for any injury to her person or character, the same as if she were sole.'   It will be seen that as to the property she might sue or be sued alone, but as to injuries she might sue; but there was no authority expressly given for suing her alone.   Accordingly, when an action was brought against a married woman for slanderous words spoken by her, her husband was required to be joined with her, (*Fitzgerald* v. *Quann*, 33 Hun, 652;) and for all torts relating to her property she could sue or be sued alone, (*Rowe* v. *Smith*, 45 N. Y. 230; *Baum* v. *Mullen*, 47 N. Y. 577;) and for personal wrongs against her she could sue alone, (*Ball* v. *Bullard, supra;*) yet she could not be sued for personal torts committed by her without joining with her husband, as was required at common law, (*Tait* v. *Culbertson*, 57 Barb. 9.)

"Has the rule above stated been modified by section 450 of the Code of Civil Procedure?   It would seem from the reasoning and decision of the court of appeals in *Fitzgerald* v. *Quann*, 109 N. Y. 445, 17 N. E. Rep. 354, that the amendment to section 450 of the Code, made in 1879, has effected a change, and that the common-law rule as to all actions except such as relate to the separate property of a married woman has been restored by the last clause of that section, as then amended.   It is true that in that case the court had under consideration the method of prosecuting a married woman for a personal tort, and the result of their decision was to leave the rule as it existed before, in reference to actions against married women for personal torts; but the reason of the court in that case clearly and logically leads to the restoration of the common-law rule in actions by a married woman in that class of actions. It will be seen that under the provisions of section 450 there is no difference between actions in which a married woman prosecutes of defends.   If the action relates to her property, she prosecutes or defends alone.   If it does not relate to her property under this decision, the common-law rule is restored, whether she brings or defends the action.   In 109 N. Y. 445, 17 N. E. Rep. 354, *supra*, PECKHAM, J., says: 'Statutes changing the common law must be strictly construed, and that the common law must be held no further abrogated than the clear import of the language used in the statutes absolutely requires.' And the learned judge, in further discussing the effect of the amendment of section 450 by the Laws of 1879, adds: 'If it be assumed that without it the first sentence of the section had made an alteration in the common law, and that under such first sentence a married woman was to be sued alone in all cases as if she was single, we think the addition of the second sentence places the law where it was before the passage of any part of the section.'   If the above construction be correct, and we must assume that it is, then as to actions not affecting the separate property of a married woman, and in which she prosecutes or defends, the common-law rule is restored, and her husband must in all such cases be joined with her.

"It follows, therefore, that the husband in this case is properly joined with his wife in this action prosecuted by her, unless the action be one affecting the separate property of the wife.   Is the claim for unliquidated damages for injury to the person 'property,' within the meaning of that word as used in section 450 of the Code?   The word 'property' is defined in the Code in subdivision 8 of section 3343, as follows: 'The word "property" includes real

and personal property;' and personal property is defined in subdivision 7 of same section as follows: 'The words "personal property" include money, chattels, things in action, and evidences of debt.' If the cause of action mentioned in the complaint can be brought within the above definition, it must be upon the ground that the damages claimed constitute 'things in action.' 'Choses in action' are defined by Bouvier as a right to receive or recover a debt or money, or damages for breach of contract, or for a 'tort connected with contract, but which cannot be enforced without action.' 1 Bouv. Law Dict. 311. Blackstone says that 'choses in action arise both out of contracts and torts.' 'Choses,' Bl. Comm. 519. In *Rumsey* v. *Lake*, 55 How. Pr. 341, in discussing the question as to what constitutes a wife's separate property, HARDIN, J., says: 'Thus she becomes entitled to the "property" in the chose in action for such injury; and thus it is that the action concerns her separate "property," when brought to recover for such injuries.' It is true that this decision was made under the provisions of section 114 of the Code of Procedure; but I think the words 'separate property,' as used in section 450 of the Code of Civil Procedure, must have the same signification as was given them in the old Code.

"Without further citation of authority, I am of the opinion that the action is in theory prosecuted in relation to the separate property of the wife; and, if so, it follows that the husband is not a necessary or proper party, and that the demurrer is therefore well taken. The defendant is entitled to judgment on the demurrer, with costs, with leave to the plaintiff to amend her summons and complaint on payment of costs of this demurrer."

Plaintiffs appeal.

Argued before LEARNED, P. J., and LANDON, J.

*James Lansing,* for appellants.    *R. W. File,* (*Henry A. King,* of counsel,) for respondents.

LEARNED, P. J.   We need add nothing to the careful opinion of the court below, except to mention the recent case of *Bennett* v. *Bennett*, (Court of Appeals, second division,) 23 N. E. Rep. 17, affirming 41 Hun, 640.   Two questions are discussed at length in that opinion.   One is whether, in an action for a personal injury to a wife, the husband should join.   The decision is that he should not.   We fully concur in the conclusion to which that court came, and are glad that a question on which there has been some doubt, owing to careless legislation, has been set at rest in this satisfactory manner.   It would be useless to go over the oft-repeated account of common-law rules and subsequent legislation.   Judgment affirmed, with costs.