## HADEN *v.* CLARKE.

*(Supreme Court, General Term, Fourth Department.　May 2, 1890.)*

**1. ASSOCIATIONS—ACTIONS—PROOF OF MEMBERSHIP.**
　　Where a defendant who is sued as president of an unincorporated association con-sisting of seven or more members, (Code Civil Proc. N. Y. § 1919,) fails to produce the constitution and by-laws of the association after being notified to do so, evi-dence that, in addition to the original members, tickets were issued to a large number of other persons who contributed to the support of the association, and were entitled to all the privileges of the original members, is sufficient proof that the association consisted of more than seven persons.

**2. SAME—PAROL EVIDENCE.**
　　Parol evidence is admissible, in an action against the president of an unincor-porated association, to prove the number of the members, after defendant fails to produce the constitution and by-laws on notice.

**3. NEGLIGENCE—DANGEROUS PREMISES.**
　　The establishment of a toboggan slide across one of the principal streets of a populous city is of itself negligence sufficient create liability for injuries caused thereby.

**4. HUSBAND AND WIFE—ACTION BY WIFE—PERSONAL INJURIES—RIGHT TO SUE.**
　　A married woman can recover in her own name damages for the pain and suf-fering caused by personal injuries. *Bennett* v. *Bennett,* 23 N. E. Rep. 17, followed.

Appeal from circuit court, Oneida county.

Action by Margaret Haden against Wallace Clarke, as president of the Utica Toboggan Club, to recover damages for personal injuries to the plain-tiff occasioned by a collision between a toboggan passing over a slide con-structed by the above-named club and a sleigh in which the plaintiff was riding along one of the streets in or near the city of Utica.　The toboggan slide erected and maintained by the club intersected and crossed the street upon which the plaintiff was riding at the time of her injury.　The plaintiff alleged that the club was an unincorporated association, consisting of more than seven persons.　This was denied by the defendant.　There was a judg-ment in favor of the plaintiff for $500 damages, with costs, from which, and from an order denying the defendant's motion for a new trial, made on the minutes of the trial judge, defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Matteson & Harvey,* for appellant.　*S. M. Lindsley,* for respondent.

MARTIN, J.　The appellant contends that the judgment in this action should be reversed, and a new trial granted, upon the grounds: (1) That the Utica Toboggan Club was not an unincorporated association, consisting of seven or more persons, and hence the action was improperly brought against the de-fendant;[1] (2) that, as the plaintiff was a married woman, the damages sus-tained were the property of her husband, and therefore she was not entitled to recover; (3) that the defendant, or the association of which he was presi-dent, was guilty of no negligence or wrongful act which caused the plaintiff's injury; (4) that the plaintiff was guilty of contributory negligence; (5) that the verdict of the jury was against the evidence; (6) that the court erred in its rulings as to the admission and rejection of evidence.

A proper determination of this appeal requires but a brief discussion of the questions presented.　Most of the propositions contended for by the appel-lant are governed by well-settled principles of law, which are so gener-ally understood that a review of the authorities bearing upon them is unnec-essary.　We shall therefore content ourselves with but little more than a brief statement of our conclusions in this case.

[1] Code Civil Proc. N. Y. § 1919, provides that an action may be maintained by or against the president or treasurer of an unincorporated association, consisting of seven or more persons, on any cause of action on or for which all the associates may sue or be sued.

*First.* Was the Utica Toboggan Club an unincorporated association, consisting of seven or more persons? That this club was unincorporated is not denied. That there was an association of persons bearing that name is admitted, but that it consisted of seven or more persons is disputed. The constitution and by-laws of the club were not introduced in evidence. The defendant was subpœnaed, and given notice to produce them, but did not comply with the requirements of either the subpœna or notice. The court then admitted parol evidence as to the manner in which the club was organized, and as to its membership. The evidence as to who were members was not definite or conclusive, but it tended to show that, in addition to the original or first members of the association, tickets were issued to a considerable number of other persons; that such persons were designated on the tickets as members; that all were subscribers to the fund expended in maintaining the business of the club; and that the persons so subscribing, to whom such tickets were issued, paid the same amount towards the maintenance of the club, and possessed the same rights and privileges, as the original promoters of the enterprise. Under the circumstances disclosed by the evidence, we are of the opinion that the proof was sufficient to justify the finding that the club was an unincorporated association, consisting of more than seven persons, and to sustain the action against the defendant as president of such club.

*Second.* The fact that the plaintiff was a married woman was not a bar to her right of recovery in this action. The trial court charged the jury that she was not entitled to recover for her loss of time and inability to labor, nor for medical attendance, care, or nursing, but could only recover for the pain and suffering which she had endured. We think the doctrine of the case of *Bennett* v. *Bennett*, 116 N. Y. 584, 23 N. E. Rep. 17, is controlling upon this question, and is adverse to the contention of the defendant.

*Third.* A careful examination of the evidence in this case has led us to the conclusion that it was sufficient to justify the jury in finding that the association of which the defendant was president was guilty of a wrongful, dangerous, and negligent act in building and maintaining its slide across one of the principal streets in or near a populous city, with little or no protection against collision between those riding thereon at a very high rate of speed and travelers passing along the public street. The verdict upon that branch of the case was fully sustained by the evidence.

*Fourth.* We think the question whether the plaintiff was guilty of negligence which contributed to her injury was, under the evidence, a question of fact for the jury, and that its finding should not be disturbed. *Tolman* v. *Railroad Co.*, 98 N. Y. 203; *Greany* v. *Railroad Co.*, 101 N. Y. 419, 5 N. E. Rep. 425; *Parsons* v. *Railroad Co.*, 113 N. Y. 355, 21 N. E. Rep. 145.

*Fifth.* The evidence was sufficient to sustain the verdict, and there was no such preponderance in the defendant's favor as would justify an interference therewith.

*Sixth.* This brings us to the consideration of the appellant's exceptions to the rulings of the court in regard to the admission and rejection of evidence. The appellant objected to parol evidence of the existence of the Utica Toboggan Club, and the number of its members. After the defendant had failed to produce the constitution and by-laws upon notice or subpœna, the court admitted the evidence. If it be conceded that the constitution and by-laws were the best evidence, still, under the circumstances disclosed in this case, we think it was not error for the court to admit the evidence, as the defendant had refused to obey the subpœna or comply with such notice. Nor do we think that the court erred in admitting in evidence a subscription ticket issued by the club in 1885-86, as the proof was that the ticket in use at the time of the accident was in the same form. It tended to show that the subscribers who held such tickets were members of the association. It was not

error to exclude the evidence of the permission by the mayor of Utica to use a portion of the streets for toboggan purposes, as he had no authority to grant such permission. The ordinance which is relied upon by the appellant as authority for such permisson does not, we think, confer it. We find no other exception that requires special consideration. We think the evidence fully justified the verdict, and that none of the defendant's exceptions were well taken. Hence it follows that the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.