MARIE H. WELD, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Married woman — action by, for a personal injury, without joinder of her husband — questions of negligence.*

A married woman might maintain an action to recover damages for an injury to her person, in her own name, without joinder of her husband, during the interval between the passage of the Repealing Act of 1880 (Laws 1880, chap. 245, § 1, subds. 36, 38) and the passage of the act of 1890 (Chap. 248), which amended section 450 of the Code of Civil Procedure.

The questions of negligence arising in an action brought by an elderly and infirm woman against a railroad company to recover damages for a bodily injury suffered by her while being conducted, as one of a company of some thirty passengers, by a single brakeman with a lantern, in the night-time, around a wreck on an intersecting railroad, which rendered a transfer of the passengers on the plaintiff's train necessary, are properly submitted to the jury.

APPEAL by the defendant, the New York, Lake Erie and Western Railroad Company, from an order of the Supreme Court, made at the Erie Special Term, and entered in the office of the clerk of Niagara county on the 9th day of December, 1891, denying the defendant's motion for a new trial, made upon the judge's minutes, after the recovery of a verdict by the plaintiff at the Niagara Circuit.

Subdivisions 36 and 38 of section 1 of the General Repealing Act of 1880 (Chap. 245) repeal section 7 of chapter 90 of the Laws of 1860, and that part of chapter 172 of Laws of 1862 which provided that "any married woman may bring and maintain an action in her own name for damages against any person or body corporate, for any injury to her person or character, the same as if she were sole."

Section 450 of the Code of Civil Procedure, as enacted in 1876, was as follows: "In an action or special proceeding, a married woman appears, prosecutes or defends, alone or joined with other parties, as if she was single."

Chapter 542 of the Laws of 1879 added the following sentence to section 450 of the Code: "It is not necessary or proper to join her husband with her as a party in any action or special proceeding affecting her separate property."

Chapter 248 of the Laws of 1890 amended section 450 by adding the following to the sentences above given: "The husband is not a necessary or proper party to an action or special proceeding to recover damages to the person, estate or character of his wife, and all sums that may be recovered in such actions or special proceedings shall be the separate property of the wife. The husband is not a necessary or proper party to an action or special proceeding to recover damages to the person, estate or character of another on account of the wrongful acts of his wife, committed without his instigation."

*A. D. Scott*, for the appellant.

*S. E. Filkins*, for the respondent.

DWIGHT, P. J.:

The action, begun in December, 1888, was brought by a married woman for a bodily injury sustained by her in October of the same year, by reason, as alleged, of the negligence or breach of duty of the defendant as a common carrier of passengers. The point chiefly discussed presents the question whether, after the passage of the Repealing Act of 1880 (Laws of 1880, chap. 245, § 1, subds. 36–38), and before the act of 1890 (Chap. 248), which amended section 450 of the Code of Civil Procedure, a married woman might maintain

an action in her own name for an injury personal to herself, without joining her husband with her, as a plaintiff. The question has been a good deal mooted and the subject of conflicting decisions at Special Term. But there have been two General Term decisions — in the third and fourth departments — which agree in holding in favor of the right of the married woman, during the interval of time mentioned — as before and since — to maintain the action in her own name, without joinder of her husband. Those cases are *Campbell* v. *Perry* (29 N. Y. St. Repr. 670), and *Haden* v. *Clarke* (32 id. 478). Those cases also agree in holding — the former in an opinion by LEARNED, P. J., and the latter by MARTIN, J.— that the case of *Bennett* v. *Bennett*, in the Second Division of the Court of Appeals (116 N. Y. 584), is controlling authority for the conclusion reached by them. We think there may be some question whether — in view of the manner in which the court divided in making its judgment in the last-mentioned case — it can be fairly said that the decision is. altogether authoritative on the particular question here proposed. But we believe that the three cases taken together have been generally received, by the bench as well as the bar of the State, as finally settling the question, and we are not disposed to disturb the conclusion thus reached.

The facts of the case, out of which the only remaining question arose, were briefly these : The plaintiff, an elderly woman, not in good health, was near the end of a continuous journey from St. Louis, Mo., to her home in Medina, in this State. At Buffalo she. purchased a ticket from that city to Lockport, by the defendant's road, and became a passenger by one of its trains, which left Buffalo between eight and nine o'clock in the evening of October sixth. On reaching Tonawanda, it was discovered that a wreck of cars on the New York Central railroad had occurred at its crossing of the defendant's road, which so blocked the defendant's track as to render it necessary to transfer passengers to a train on the other side of the wreck. In doing this, a single brakeman was detailed to proceed with a hand lantern and guide the company of twenty-five or thirty passengers around the wreck. The plaintiff was traveling alone, except. for chance companions of the journey ; was somewhat impeded by her hand luggage ; she was timid, and soon became nervous and agitated from the unexpected demand upon her strength. After

passing the wreck she naturally fell behind the other passengers, and became unable to distinguish the lantern of the guide among the scattered lights which confused and misled her, and before reaching the train she stumbled and fell, receiving the somewhat serious injury of which she complains.

The two questions which were, with great fairness, submitted to the jury were, first, whether the defendant's servants and agents, engaged in making the transfer, exercised all reasonable care to furnish to its passengers — the aged and weak as well as the young and vigorous — such light and guidance, over an unknown and difficult way, as reasonably to secure to them a safe and comfortable passage on foot from one train to the other; and, second, whether the plaintiff herself was guilty of any omission of reasonable care for her own safety, which contributed to occasion the accident to herself.

These were manifestly questions which could not properly be withheld from the jury, and they were answered in her favor upon evidence which can hardly be said to have been conflicting in any material respect. The verdict, which was for a recovery in a very moderate amount, cannot be disturbed on general principles, and there was no particular exception in the case by which it is vitiated.

The judgment and order appealed from must be affirmed

All concurred.

Judgment and order appealed from affirmed.